RECEIVED
IN LAKE CHARLES, LA.

FEB -9 2015

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DANIAL L. LAFLEUR, | * | CIVIL ACTION NO. 2:14-cv-3029 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| STATE OF LOUISIANA, ET AL., | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

************************************************************************

## MEMORANDUM RULING

Before the court is the defendants' Motion to Dismiss [Doc. 9], to which the plaintiff has filed a Response [Docs. 11 & 12]. For the following reasons, the Motion to Dismiss [Doc. 9] is **GRANTED**.

### FACTS & PROCEDURAL HISTORY

On November 12, 2013, Judge Steve C. Gunnell granted an order of protection to Karen Lopez.[1] The order prohibited Danial L. Lafleur ("Lafleur") from contacting Karen Lopez, and their child, Elliott Lafleur, until May 11, 2015.[2] Lafleur alleges that there was never any abuse in the household and that Karen Lopez fabricated the allegations against him.[3] Lafleur also was not represented by an attorney at the hearing in which the order of protection was granted.[4]

---

[1] Order of Protection [Doc. 1-1], at 8-9.
[2] *Id.* at 8. In the order of protection, Lafleur's son's name is spelled as "Elliot"; however, elsewhere in the complaint and the documents attached thereto, his name is spelled "Elliott."
[3] Compl. [Doc. 1], at 2.
[4] *Id.* at 1.

On October 14, 2014, Lafleur filed suit against Judge Steve C. Gunnell, individually and his official capacity, and against the State of Louisiana.[5] He asserts that he is bringing suit against Judge Gunnell (1) for multiple violations of the Code of Judicial Conduct, and (2) under 42 U.S.C. § 1983 for violations of his Fifth, Sixth, and Fourteenth Amendment rights.[6] Lafleur seeks an injunction to stop enforcement of the protective order, declaratory relief that he is entitled to full custody of Elliott Lafleur, and $28,000,000 in damages.[7] The defendants filed the instant Motion on November 24, 2014.[8]

## LAW & ANALYSIS

The defendants moved to dismiss Lafleur's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, respectively.[9]

### I.   Subject Matter Jurisdiction

Sovereign immunity is a jurisdictional issue. *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 280 (citing *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998)). In *Hans v. Louisiana*, the Supreme Court of the United States ruled that the Eleventh Amendment, which bars suits against a state by a citizen of a different state, reflected the underlying principle that a citizen is also barred from suing his own state unless the state gives consent to be sued. *Hans v. Louisiana*, 134 U.S. 1, 13-17 (1890). Congress may also abrogate a state's Eleventh Amendment immunity by "unequivocally" expressing its intent to do so when "acting pursuant to a valid exercise of power." *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999). When Congress enacted 42 U.S.C. § 1983, it did not abrogate the

---

[5] Compl. [Doc. 1], at 1.
[6] *Id.* at 2.
[7] *Id.*
[8] Mot. to Dismiss [Doc. 9].
[9] *Id.* at 1.

2

states' Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and furthermore, a "state" is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan*, 491 U.S. 58, 70 (1989).

Lafleur has made no factual allegations against the state in his complaint, but even if he had, his suit is barred by sovereign immunity. There is no indication that Louisiana consented to suit or that Congress abrogated Louisiana's sovereign immunity in this matter.

## II.     Failure to State a Claim

The defendants next argue that a dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6). They assert that Judge Gunnell is entitled to absolute immunity and that Lafleur's requests for injunctive and declaratory relief are barred by the *Rooker-Feldman* doctrine.

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seek the dismissal of an action for failure to state a claim and challenge the sufficiency of a plaintiff's allegations. *See* Fed. R. Civ. Pro. 12(b)(6). The Fifth Circuit has stated that motions to dismiss are generally viewed with disfavor and should rarely be granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (additional citations omitted)).

In ruling on motions to dismiss under Rule 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Jackson v. NAACP*, No. 12-20399, 2013 U.S. App. LEXIS 20493, at *9 (5th Cir. Oct. 8, 2013) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (additional citation omitted)). "The court must accept all well-pleaded facts as true, and it must view them in the

light most favorable to the plaintiff." *Herbert v. Delta Airlines, Inc.*, No. 11-cv-1574, 2012 U.S. Dist. LEXIS 93848, at *6 (W.D. La. Jun. 5, 2012) (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted)). However, conclusory allegations are not to be accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual conclusion." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The allegations must "raise the right to relief above the speculative level." *Id.* at 555. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### A. Absolute Immunity

Judges are immune from civil liability for their juridical actions, even when those actions are alleged to have been done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). This judicial immunity also extends to causes of action arising under 42 U.S. § 1983. *Id.* (citing *Pierson v. Ray*, 386 U.S. 547 (1967)). A judge is only subject to liability "when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (citing *Bradley*, 80 U.S. at 351).

Lafleur argues that Judge Gunnell is a criminal judge and not a civil judge, and thus, he did not have the power to hold a hearing for a protective order.[10] However, Judge Gunnell is the Chief Judge of the 31st Judicial District in Jefferson Davis Parish, Louisiana, and he hears both civil and criminal matters arising within his district. Therefore, Judge Gunnell is entitled to absolute immunity based on the facts alleged by Lafleur.

---

[10] Resp. to Mot. to Dismiss [Doc. 11], at 2.

4

### B. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars review by federal district courts of injuries complained of by those who lose state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Federal district courts lack the requisite appellate authority "to reverse or modify" a state-court judgment,[11] and the appropriate action when asked to review a state-court judgment is to dismiss the suit for lack of jurisdiction. *Id.* at 284-85 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-17 (1923)).

Lafleur's request for declaratory and injunctive relief is an attack on the judgment of the state district court. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 318 (5th Cir. 1994). Therefore, this court lacks jurisdiction to hear his requests for declaratory and injunctive relief.

Lake Charles, Louisiana, this 9 day of Feb, 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[11] Review or modification of a state-court judgment is for the state appellate court and thereafter the Supreme Court of the United States. *See Riley v. Louisiana State Bar Ass'n*, 402 Fed.Appx. 856, 858 (5th Cir. 2010) (per curiam).